Ex parte TYREE PARKS.

No. A-9049.   Jan. 4, 1936.
(53 Pac. [2d] 290.)

Moss & Young and Saul A. Yager, for petitioner.

Holly Anderson, Co. Atty., Tom Wallace, Asst. Co. Atty., and Owen J. Watts, Asst. Atty. Gen., for respondent.

PER CURIAM.    Petitioner, Tyree Parks, filed his duly verified petition in this court on December 30, 1935, alleging that he was imprisoned in the county jail of Tulsa county, Okla., by the sheriff of said county; that he is held in default of bail on a charge of murder.  That on or about December 4, 1935, preliminary information was filed in the court of common pleas in Tulsa county; that thereafter, on or about the 12th day of December, 1935, a preliminary hearing was held before Honorable Bert E. Johnson, a judge of the court of common pleas of Tulsa county, and your petitioner was bound over to the district court of Tulsa county, in said case, without bond, and said cause was docketed in said district court of Tulsa county.

Petitioner alleges his restraint is illegal and unauthorized; that he is not guilty of the charge; and that the proof of his guilt is not evident, nor is the presumption thereof great.

Petitioner further alleges that on the 24th day of December, 1935, he filed in the district court of Tulsa county, and presented to a district judge, his petition for a writ of habeas corpus to be admitted to bail in said case, and that in pursuance thereof the said judge of said court issued a writ of habeas corpus, directed to the sheriff of Tulsa county, and on December 28, 1935, a hearing was held before the Honorable Bradford J. Williams, judge of the district court of Tulsa county, and the application of the said petitioner was by the said district court denied. Petitioner appeared in person, and by his attorneys, Moss & Young, and Saul A. Yager. The state appeared by Owen J. Watts, Assistant Attorney General, Holly Anderson, county attorney of Tulsa county, and Tom Wallace, assistant county attorney. A transcript of the testimony taken in the preliminary trial was presented and oral testimony taken.

After a careful consideration and study of the evidence contained in the transcript, and the oral testimony taken in open court, the court is of the opinion that the petitioner is not entitled to the relief prayed for.

The application of the petitioner for a writ of habeas corpus to be admitted to bail is denied.